USCA1 Opinion

 

 July 1, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1489 UNITED STATES, Appellee, v. JOSE ANTONIO GONZALEZ, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Robert A. Levine on brief for appellant. ________________ Richard S. Cohen, United States Attorney, Jonathan A. Toof, __________________ _________________ Assistant United States Attorney, and Margaret D. McGaughey, Assistant _____________________ United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant pled guilty to (1) ___________ conspiracy to possess with intent to distribute cocaine and (2) use of a person under eighteen to distribute and to aid and abet the possession with intent to distribute cocaine, 21 U.S.C. 841(a)(1), 846. He received a fifty-one month sentence, the lowest sentence under the applicable guideline. On appeal, defendant raises one issue -- that his asserted youthful appearance and potential for victimization in prison was a ground warranting a downward sentencing departure. Defendant was nineteen when he committed the drug offenses and approximately two months short of his twentieth birthday when he was sentenced. The prosecutor acknowledged at sentencing that defendant "obviously . . . is a youthful looking person." According to the presentence report, defendant is 5'10" tall and weighs 125 pounds. Relying on two second circuit cases, United States _____________ v. Gonazalez, 945 F.2d 525 (2d Cir. 1991) (downward departure _________ for 19-year-old defendant who looked 14 or 15 and had a "feminine cast to his face and a softness of features which will make him prey to long-term criminals" upheld); United ______ States v. Lara, 905 F.2d 599 (2d Cir. 1990) (upholding ______ ____ downward departure because defendant's youthful appearance (was 22, but looked 16) and bisexual orientation had rendered him extremely vulnerable to physical attack and prison officials had been unable to protect him other than by -2- placing him in solitary confinement), defendant argues on appeal, as he did below, that defendant's youthful appearance rendered him particularly vulnerable to victimization in prison, that this alleged vulnerability was a circumstance of a kind or to a degree not adequately considered by the sentencing commission, and that hence a downward departure was warranted. Defendant acknowledges our repeated statement that ordinarily a district court's refusal to depart is not appealable. See United States v. Hilton, 946 F.2d 955, 957 ___ ______________ ______ (1st Cir. 1991) and cases collected therein. He seeks to come within an exception permitting review when the court's decision not to depart is based on the mistaken view that it lacked the legal authority to depart. Id. ___ Our review of the record convinces us that the district court found no need to address the legal question whether youthful appearance and potential for victimization could ever be proper grounds for departure because it concluded as a factual matter that defendant was not unusually vulnerable to attack. The court stated as follows: I . . . find that [defendant] is not by virtue of his appearance uniquely subject to victimization in prison more than average 19-year-olds. . . . I decline to depart from the guideline range. I'm not persuaded that [defendant] . . . is so uniquely likely -3- to be victimized in prison that a downward adjustment is called for. Defendant regards these remarks as ambiguous, calling for a remand, but we do not. The district court was clearly appraised of defendant's legal position through defendant's citation to the Second Circuit cases, but found, in the case before him, no unusual vulnerability. We have no basis to disturb the factual finding. The appeal is summarily dismissed pursuant to First Circuit Rule 27.1. -4-